AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:24-mj-01282-MPK | Date and time warrant executed: 08/01/2024 6:01 a.m. | Copy of warrant and inventory left with: Channelle Copeman |
| Inventory made in the presence of : Channelle Copeman | | |

Inventory of the property taken and name of any person(s) seized:

1. One Gemini cell phone
2. One scale, black, with residue
3. One box of Outdoor Master ammunition
4. One black cell phone with cracked screen
5. One box of Remington ammunition

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 08/05/2024

*Executing officer's signature*

FBI Special Agent Kyle D. Brown
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>1222 Randolph St, New Castle, PA | )<br>)<br>)  Case No. 24-mj-1282<br>)  [UNDER SEAL]<br>)<br>) |

**WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Western____ District of ____Pennsylvania____
*(identify the person or describe the property to be searched and give its location)*:

1222 Randolph St, New Castle, PA / "Randolph St Location": This location is a single-family house with multiple outbuildings located on the property. The main house has yellow siding and a covered front porch. The number "1222" is on the trim of the front porch. Adjacent outbuildings have light-colored siding.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment A (incorporated by reference herein).

**YOU ARE COMMANDED** to execute this warrant on or before ____August 12, 2024____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____the Duty Magistrate Judge____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 07/30/2024 3:00 pm

*Judge's signature*

City and state: Pittsburgh, Pennsylvania     Honorable Maureen P. Kelly, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### LIST OF ITEMS TO BE SEARCHED AND SEIZED

The location listed on the search warrant, including the curtilage and any outbuildings and vehicles located there, for evidence of violations of 21 U.S.C. §§ 841, 843, and 846, including any of the following items found there:

1) controlled substances;

2) paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes, mirrors, razor blades, plastic bags, stamp bags, microwave ovens, heat-sealing devices, and diluents such as mannitol, mannite, and inositol;

3) books, records, receipts, notes, ledgers, letters, and other papers relating to the distribution of controlled substances, travel for the purpose of acquiring and/or distributing controlled substances, and to monetary transactions involving the proceeds from the sale of controlled substances;

4) personal books, papers, cell phones, and other electronic devices;

5) cash, currency, and records relating to the generation of income and the expenditure of such income (including income from the sale of controlled substances), including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, and tax return information, as well as consumer items such as electronic equipment, vehicles, jewelry, and precious metals such as gold and silver, and precious gems such as diamonds;

6) documents and other records indicating travel in interstate and foreign commerce, such as maps, GPS coordinates, navigation coordinates, travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit card receipts, and telephone bills and related communications;

7) computers, cellular telephones, electronic tablet devices, and other electronic media; including any incoming and outgoing call and text message logs, contact lists, photo and video galleries, sent and received text messages, online searches and sites viewed via the internet, online or electronic communications sent and received (including email, chat, and instant messages), sent and received audio files, navigation, mapping, and GPS files, telephone settings (including contact lists), and related identifying information such as telephone identification numbers, call forwarding information, messages drafted but not sent, and voice messages;

8) firearms and other dangerous weapons;

9) identification evidence and/or indicia, such as cell phones with particular numbers, mail, deeds, leases, rental agreements, photographs, bills, and identification documents, that tend to identify the person(s) in residence, occupancy, control, or ownership of subject premises and/or subject communication devices; and

10) evidence that rebuts common defenses, such as evidence that demonstrates drugs were not possessed for personal use and the absence of legitimate income to cover expenses.